IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL W. JEWELL, | § | |
| TDCJ-CID #212516, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1980 |
| | § | |
| TDCJ-CID DIRECTOR, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Michael W. Jewell, an inmate of the Texas Department of
Criminal Justice - Correctional Institutions Division (TDCJ-CID),
has filed a suit under 42 U.S.C. § 1983 against the TDCJ-CID
Director and the Director of the Texas Board of Pardons and
Paroles.  Jewell claims that he has been wrongly denied his right
to a state mandated release date.  He has also moved to proceed as
a class action.  This action will be dismissed as frivolous, and
the motion for class certification (Docket Entry No. 5) will be
denied.

Jewell is serving a life sentence.  He complains that he was
denied the benefit available under Article 42.12 of the Texas Code
of Criminal Procedure.  Under that statute prisoners whose flat or
calendar time when added to their good-time credits have exceeded
their sentence are entitled to be released.  Malchi v. Thaler, 211
F.3d 953, 957 (5th Cir. 2000).  Jewell argues that the plain
language of Article 42.12 § 15 does not specifically exclude

prisoners who are serving life sentences from being eligible for such a release.  He contends that he and other prisoners serving a life sentence should be immediately considered for release under mandatory supervision and that denial of such a release would violate his equal protection rights and subject him to cruel and unusual punishment.  Jewell seeks injunctive relief and monetary damages from the defendants.

A suit for damages under 28 U.S.C. § 1983 must be dismissed when the plaintiff is attacking the validity of his conviction and has not shown that the conviction has been overturned.  Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).  The same requirement applies to cases where a prisoner challenges the calculation of the time he must serve.  Clarke v. Stadler, 154 F.3d 186, 189 (5th Cir. 1997).  The relief Jewell seeks is an accelerated discharge from prison as well as monetary damages.  This places Jewell's complaint within the boundaries of Heck.  Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994).

Injunctive relief would only be available by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Preiser v. Rodriquez, 93 S.Ct. 1827, 1833 (1973).  Jewell may not file such a petition in federal court until he has exhausted available state remedies.  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998).  Jewell's civil rights claims concerning the denial of a mandatory supervision release date have no legal basis until he has obtained

-2-

habeas relief.  Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996), citing Boyd.

Further, there is very little chance of Jewell obtaining any relief regardless of the type of action that he might file.  State and federal courts have previously rejected prior habeas applications by prisoners seeking a mandatory release from life sentences.  Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002); Ex parte Franks, 71 S.W.3d 327 (Tex. Crim. App. 2001).  The Texas Court of Criminal Appeals concluded that a person serving a life sentence could not be released under Article 42.12's mandatory supervision terms because it would be mathematically impossible for the calendar time and good-conduct time to "add up to life." Franks, at 327.  The United States Court of Appeals for the Fifth Circuit cited Franks and concluded that an inmate serving a life sentence was not eligible for mandatory release under the applicable provisions of the Texas Code of Criminal Procedure. Arnold, at 279.  Jewell has been sentenced to life imprisonment, and his only hope for release is a decision by the Parole Board that it would be in the interest of society to release him on parole.  Johnson v. Rodriguez, 110 F.3d 299, 303 (5th Cir. 1997). Jewell does not have a federal constitutional right to be released before the expiration of his sentence.  Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 99 S.Ct. 2100, 2104 (1979).  Therefore, his complaint has no legal basis.

Federal courts are authorized to screen and dismiss frivolous complaints filed by prisoners.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or fact.  Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).  This action is **DISMISSED** as frivolous.

Jewell has filed a motion (Docket Entry No. 10) in which he seeks court-appointed counsel or, in the alternative, dismissal without prejudice.  Prisoners filing civil rights complaints do not have a constitutional right to a court-appointed attorney.  Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989).  The court concludes that court-appointed counsel would serve no purpose because of the clearly frivolous nature of the action.  Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).  Allowing Jewell to withdraw his complaint without prejudice would allow him to present it at a later time and waste more of the judiciary's resources.  Therefore, the motion will be denied.

Jewell's motion to amend and supplement his complaint (Docket Entry No. 8) will be granted.  The court notes that Jewell seeks additional damages and alleges that numerous prisoners have been held beyond the dates that they should have been released.

## Conclusion

It is therefore **ORDERED** as follows:

1.    This Complaint filed by inmate Michael W. Jewell, TDCJ-ID #212516, is **DISMISSED** because it is frivolous.  28 U.S.C. § 1915A.

-4-

2.    The motion to amend and supplement (Docket Entry No. 8) is **GRANTED**.

3.    The motions for class certification (Docket Entry No. 5) and for court-appointed counsel or dismissal without prejudice (Docket Entry No. 10) are **DENIED**.

4.    The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 15th day of August, 2005.


_____
SIM LAKE
UNITED STATES DISTRICT JUDGE